**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RICKY LEE SULFFRIDGE,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-212-A |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Ricky Lee Sulffridge, #1011909, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in a pre-parole transfer facility in Mineral Wells, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. FACTUAL AND PROCEDURAL HISTORY

In September and October 2000, Sulffridge was charged with three instances of felony driving while intoxicated (DWI) in Cause Nos. 0778612D, 0780819D, and 0784233D in the Criminal District Court Number Three of Tarrant County, Texas. (Pet'r Memorandum, Exhibits A5, A8, A11.) In each felony indictment, two 1997 DWI convictions in Cause Nos. 0587728 and 0623532 for offenses occurring in July and November 1995 were used to enhance the misdemeanor offense to felony status. On October 26, 2000, pursuant to plea bargain agreements, Sulffridge pleaded guilty to the offenses and was sentenced to ten years' confinement in each case, the sentences to run concurrently. (1State Habeas R. at 2; 2State Habeas R. at 2; 3State Habeas R. at 2; Pet'r Memorandum, Exhibits A3-A11.)[1]

Although eligible for mandatory supervision release, TDCJ determined that House Bill 1433 (HB 1433),[2] codified as § 508.149(b) of the Texas Government Code, providing for discretionary mandatory supervision release for prisoners whose offenses occurred on or after September 1, 1996, applies to Sulffridge. (Pet'r Memorandum, Exhibit D2.) The Texas Board of Pardons and Paroles (the Board) has voted to deny Sulffridge release to mandatory supervision under § 508.149(b) on two occasions, August 16, 2004 and July 7, 2005. (Resp't Answer, Discretionary Mandatory Supervision Packet at 1, 3.) Sulffridge's next review date is July 2006. (*Id.* at 3.)

---

[1] "1State Habeas R.", "2State Habeas R." and "3State Habeas R." refer the state court record in Sulffrridge's state habeas application nos. WR-63,327-01, WR-63,327-02, and WR-63,327-03, respectively.

[2] HB 1433, which was passed in 1995 and became effective September 1, 1996, is the legislation that created discretionary mandatory supervision. The bill was originally codified as article 42.18, § 8(c)(1) of the Texas Code of Criminal Procedure. As noted, it is now codified as § 508.149 of the Texas Government Code and is referenced in these findings and conclusions as § 508.149(b). TEX. GOV'T CODE ANN. § 508.149(b) (Vernon 2004).

On October 11, 2005, Sulffridge filed three state applications for writ of habeas corpus, raising one or more of the claims presented herein, which were denied by the Texas Court of Criminal Appeals on January 4, 2006, without written order. *Ex parte Sulffridge*, Application Nos. WR-63,327-01, WR-63,327-02 & WR-63,327-03, at cover. Sulffridge filed this federal petition for writ of habeas corpus on March 9, 2006.[3]

## D. Issues

Sulffridge argues that § 508.149(b) is inapplicable to his case and that the Board's denial of his release to mandatory supervision pursuant to § 508.149(b) violates various constitutional rights.[4] (Petition at 7-8 & Pet'r Memorandum.)

---

[3] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (providing pro se habeas petition filed when petition is delivered to prison authorities for mailing).

[4] Sulffridge also claims that he obtained pre-parolee status with a presumptive parole date and that the Board's denial of release violates the pre-parole contract agreement with TDCJ. There is no factual basis in the record for these claims. The record does not reflect that the Board established a presumptive parole date for Sulffridge at the time he was transferred to the pre-parole facility. *See* TEX. GOV'T CODE ANN. § 499.001(4). Instead, it appears that Sulffridge was transferred to the pre-parole facility within one year of his mandatory supervision release date. *See id.* § 499.02. Sulffridge provides no evidence that TDCJ or the Board considered his mandatory supervision release date as a presumptive parole date or that he was ever transferred from pre-parole status to parole status. *Id.* §§ 499.002, 499.005. Sulffridge's mere assertions, unsupported by anything contained in the record, have no probative evidentiary value in this proceeding. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Thus, Sulffridge's claims that he had a protected liberty interest in his presumptive parole date and that the Board improperly revoked his pre-parole contract are groundless. Equally groundless is Sulffridge's claim that § 508.149(b) is not applicable to him because he was released to the custody of the Board when transferred to the pre-parole release facility, thus entitling him to the due process requirements set forth in *Morrissey v. Brewer*, 408 U.S. 471 (1972) (providing minimum due process requirements in a parole revocation case). Texas's pre-parole program is not "a kind of parole" as envisioned by *Morrissey*. *See Patterson v. Cockrell*, No. 4:02-CV-511-Y, 2002 WL 32509028, at *4-5 (N.D. Tex. Oct. 24, 2002) (not designated for publication). *Compare Young v. Harper*, 520 U.S. 143, 152-53 (1997) (holding that due to nature of Oklahoma's pre-parole program it was a "kind of parole").

### E. RULE 5 STATEMENT

Quarterman believes Sulffridge has sufficiently exhausted his state remedies as to the claims presented. (Resp't Answer at 4.) 28 U.S.C. § 2254(b), (c).

### F. STATUTE OF LIMITATIONS

As a preliminary matter, Quarterman argues that Sulffridge's petition is barred by the federal one-year statute of limitations. (Resp't Answer at 4-8.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

4

The statutory provision set forth in subsection (D) governs when the limitations period in this case began to run, *viz.*, the date on which Sulffridge could have discovered, through the exercise of due diligence, the factual predicate of his claims. To the extent Sulffridge's claims pertain to the Board's 2004 denial of mandatory supervision release, the factual predicate of the claims was discoverable on August 16, 2004, the date his release was denied. Accordingly, the one-year statute of limitations began to run on August 16, 2004, and expired one year later on August 16, 2005, absent any applicable tolling. Thus, the petition, filed on March 9, 2006, is untimely as to the Board's August 16, 2004 denial.

To the extent Sulffridge's claims pertain to the Board's July 7, 2005 denial, the factual predicate of the claims was discoverable on July 7, 2005, the date his release was denied, and expired one year later on July 7, 2006. Under the statutory tolling provision, Sulffridge's state habeas applications tolled the limitations period for 85 days, making his petition due on or before September 30, 2006. Thus, the petition, filed on March 9, 2006, is timely as to the Board's July 7, 2005 denial.

G. DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is

contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963);[5] *Schartzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 540 U.S. 1154 (2004); *Catalan v. Cockrell*, 315 F.3d 491, 493

---

[5]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

n.3 (5th Cir. 2002); *Valdez*, 274 F.3d at 948 n.11; *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997).

### 2. Application of the Standard to Sulffridge's Grounds for Relief

Sulffridge claims that TDCJ violated his federal constitutional rights by misapplying § 508.149(b), the discretionary mandatory supervision statute, to his case. According to Sulffridge, he is entitled to a non-discretionary mandatory supervision release date because the two DWI offenses used to enhance his sentences for his holding convictions under § 49.04 of the Texas Penal Code were committed before the effective date of the statute. (Pet'r Memorandum at 2-13 & Exhibits B1-B6.) TEX. PENAL CODE ANN. § 49.09 (Vernon 2003). Sulffridge argues that the prior convictions were necessary elements of his 2000 DWI offenses; thus, under the statute's savings clause, discretionary mandatory supervision is inapplicable to his case. This claim does not raise a federal constitutional issue. *See Evans v. Dretke*, No. 4:02-CV-280, slip op., 2005 WL 2387572, at * 21-22 (E.D. Tex. Sept. 27, 2005) (not designated for publication). The issue of whether or not a defendant's prior convictions for DWI for enhancement purposes under Texas Penal Code 49.04 are regarded as elements of an offense under § 508.149(b) is solely a question of state law. *See Weeks v. Scott*, 55 F.3d 1059, 1063h Cir. 1995); *Evans*, No. 4:02-CV-280, slip op., 2005 WL 2387572 at *21-22.

A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Nevertheless, the Fifth Circuit has held that the Texas mandatory supervision scheme in

place prior to September 1, 1996, created a constitutional expectancy of early release to eligible inmates. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). The Fifth Circuit has yet to rule on whether a federal constitutional expectancy of early release exists under the revised statute, but the Texas Court of Criminal Appeals has held the statute vests a liberty interest in an eligible inmate to certain procedural due process considerations. *See Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000). In light of the liberty interest created by the statute, the state court determined that constitutional due process requires that an eligible inmate be provided timely notice that he will be considered for mandatory supervision release and a meaningful opportunity to be heard–i.e., an opportunity to tender or have tendered to the Board information in support of release. *Ex parte Geiken*, 28 S.W.3d at 559-60. Further, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release. *Id.* at 560. In a later opinion, the state court determined that the notice requirement requires the Board to inform the inmate of the specific month and year he will be reviewed. *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004).

At the time of TDCJ's 2004 denial, Sulffridge was notified that the Board would review his file again in August 2005. (Discretionary Mandatory Supervision Packet at 1.) On April 4, 2005, he was again notified that his file would be reviewed on August 1, 2005, and he was informed that if he wished to submit any additional information, he should do so in writing before June 17, 2005, to the Parole Division. (*Id.* at 2.) Thereafter, on July 7, 2005, the Board decided to deny Sulffridge discretionary mandatory supervision release and notified him of its decision and the reasons for its decision. (*Id.* at 3.) Accordingly, as a matter of state law, Sulffridge was afforded all the due process he was entitled. Sulffridge's assertion that his family was not allowed to be interviewed in

person or by phone, as requested by his family, does not affect this result. *See Ex parte Geiken*, 28 S.W.3d at 560.

Sulffridge also claims that application of § 508.149(b) to his case violates his rights under the ex post facto, double jeopardy, and separate of powers clauses. *See Fisher v. Cockrell*, No. 3:02-CV-1332-H, slip op., 2003 WL 22939145 at *3 (N.D. Tex. Mar. 3, 2003) (not designated for publication). Sulffridge's *ex post facto* claim fails because he is serving 10-year sentences for DWI offenses that were committed on August 12, 2000, September 3, 2000, and October 7, 2000, after the effective date of § 508.149(b). *See McCall v. Dretke*, 390 F.3d 358, 363-66 (5th Cir. 2004). Sulffridge's double jeopardy claim is vague and indecipherable. To the extent he claims TDCJ has effectively "re-punished" him by applying § 509.149(b) and/or that application of the § 509.149(b) results in multiple punishments or his continued incarceration in violation of the double jeopardy clause, he cites to no clearly established federal law that § 508.149(b) implicates a violation under the double jeopardy clause, and none has been found. Similarly, Sulffridge cites to no clearly established federal law that § 508.149(b) implicates a violation under the separation of powers clause, and none has been found.

Finally, Sulffridge claims that a Board member, acting under authority of the state and in accordance with state administrative regulations, should have recused herself because she is biased against persons convicted of DWI. (Pet'r Memorandum, Exhibits F1 & F2.) This claim is not cognizable on federal habeas review. Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A state's interpretation of its own rules or statutes does not raise a federal constitutional issue. *Wainwright v. Goode*, 464 U.S. 78 (1983); *Moreno v.*

9

*Estelle*, 717 F.2d 171, 179 (5th Cir. 1983). Furthermore, Sulffridge provides no proof of his assertion that the Board member harbored a personal bias against him because he is a multiple-DWI offender. *See Ross*, 694 F.2d at 1011-12.

Sulffridge has failed to prove that a federal constitutional violation occurred. The state court's determination of the claims presented does not appear to be contrary to or involve an unreasonable application of clearly established federal law nor does it appear to be based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. The state court's adjudication of the issues presented is thus entitled to a presumption of correctness.

## II.  RECOMMENDATION

To the extent Sulffridge raises claims relevant to the Board's August 16, 2004 denial, the petition for writ of habeas corpus should be DISMISSED as untimely. To the extent Sulffridge raises claims relevant to the Board's July 7, 2005 denial, the petition should be DENIED.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 25, 2006. Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or

conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 25, 2006, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 4, 2006.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE